```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                       DALLAS DIVISION

AMAR AL-JUBURI, et al.,         §
                                §
                   Plaintiffs,  §
                                § Civil Action No. 3:06-CV-1270-D
VS.                             §
                                §
MICHAEL CHERTOFF, Secretary     §
of Department of Homeland,      §
Security, et al.,               §
                                §
                   Defendants.  §
```

                    MEMORANDUM OPINION
                        AND ORDER

Plaintiffs Amar Al-Juburi ("Al-Juburi") and Rima Minawi ("Minawi") bring this action seeking a writ of mandamus and declaratory and injunctive relief arising from multi-year delays in adjudicating their I-485 adjustment-of-status applications, which were originally filed on August 19, 2003. Defendants move to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim, or, alternatively, for summary judgment. For the reasons that follow, the court denies the motion.

                              I

Plaintiffs are citizens of Canada. Al-Juburi is a direct beneficiary of an I-140 visa petition approved in July 2003. Minawi is a derivative beneficiary of that petition.[1] Plaintiffs

---

[1]Because plaintiffs refer only to one I-140 visa petition and aver that Al-Juburi and Minawi live at the same address, the court assumes for purposes of this opinion that Minawi is the derivative beneficiary of Al-Juburi's I-140 visa.

each submitted I-485 adjustment-of-status applications in August 2003. Their fingerprints were initially taken in July 2005 by the Memphis Office of the United States Citizenship and Immigration Services ("CIS"). In September 2005, after inquiries by counsel, CIS notified plaintiffs that the processing of their applications was delayed due to pending security checks. Approximately six months later, responding to a request by CIS, plaintiffs reported to the CIS Sacramento office for biometrics processing. Plaintiffs were not thereafter notified of any agency decision. When plaintiffs filed this lawsuit on July 17, 2006, their I-485 applications had been pending nearly 35 months (i.e., from August 19, 2003 to July 17, 2006). Defendants are six federal officials, including the Attorney General of the United States, who are allegedly responsible for the delay in processing plaintiffs' I-485 applications.[2]

Plaintiffs complain that the delay in adjudicating their applications is unreasonable, in violation of the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 555, 701 *et. seq*. Plaintiffs seek relief under the APA, the Mandamus Act, 28 U.S.C. § 1361, and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201,

---

[2]Plaintiffs sue Michael Chertoff, Secretary of the Department of Homeland Security, Susan Curda, Officer in Charge of the Sacramento Sub-District office of CIS, David N. Still, Director of the San Francisco District Office of CIS, Emilio T. Gonzales, Director of CIS, and Alberto Gonzales, Attorney General of the United States.

2202. They invoke federal question jurisdiction under these statutes and 28 U.S.C. § 1331. Defendants move to dismiss under Rule 12(b)(1) and 12(b)(6), or, alternatively, for summary judgment.

II

The court first addresses defendants' motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction.

A

Plaintiffs base subject matter jurisdiction on the APA, the Mandamus Act, and the DJA, in conjunction with 28 U.S.C. § 1331, the general federal question jurisdiction statute. Because the court concludes that it has federal question jurisdiction under 28 U.S.C. § 1331 in tandem with the APA, it need not decide whether it has subject matter jurisdiction on any other alleged basis.

B

Defendants correctly posit that the APA is not an independent legislative grant of subject matter jurisdiction. They acknowledge that federal courts have the authority to compel agency action unlawfully withheld or unreasonably delayed,[3] but they argue that

---

[3]Defendants erroneously conflate the availability of federal judicial review of agency action under the APA with the distinct concept of subject matter jurisdiction. Although a finding that Congress intended to preclude judicial review of agency action is "*in effect* jurisdictional," *e.g., Block v. Community Nutrition Institute*, 467 U.S. 340, 353 n.4 (1984) (emphasis added), the question whether judicial review is precluded in a particular instance is one that is squarely within the subject matter jurisdiction of this court, *see, e.g., Bell v. Hood*, 327 U.S. 678,

plaintiffs have failed to allege facts that, liberally construed, suggest that defendants have unreasonably delayed adjudicating plaintiffs' I-485 applications.[4] Defendants posit that 8 U.S.C. § 1252(g) defeats subject matter jurisdiction, because that section establishes that agency actions governed by the Immigration and Nationality Act are not subject to the unreasonable delay rule. Defendants also contend that because the APA does not apply to agency action that is committed by law to agency discretion, and adjustment of status is committed to agency discretion by law, adjudication of an adjustment-of-status application is a discretionary act that is not subject to judicial review. Defendants maintain that background checks are fully within the discretion of CIS, and that courts have repeatedly dismissed claims such as plaintiffs' because the manner and timing of adjudication of adjustment-of-status applications is committed to the agency's sole discretion.[5]

---

682 (1946).

[4]Defendants argue that point in response to allegations in plaintiffs' complaint that suggest that CIS took actions in connection with processing of the I-485 applications.

[5]Defendants cite, *inter alia*, *Mustafa v. Pasquerell*, 2006 WL 488399, at *5 (W.D. Tex. Jan. 10, 2006); *Zahani v. Neufeld*, 2006 WL 2246211, at *3 (M.D. Fla. June 26, 2006); and *Danilov v. Aguirre*, 370 F.Supp.2d 441, 445 (E.D. Va. 2005).

C

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (internal quotation marks omitted) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.2d 1182, 1187 (2d Cir. 1996)). Thus "[a] motion under 12(b)(1) should be granted only if it appears certain that [plaintiffs] cannot prove any set of facts in support of [their] claim that would entitle him to relief." *Id.* In the instant case, it does not appear certain that plaintiffs can prove no set of facts in support of their claims that would entitle them to relief. It is well settled that

> Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which [the plaintiff] could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction. Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction.

*Bell v. Hood*, 327 U.S. 678, 682 (1946) (citations omitted). Thus a complaint properly "asserting a federal claim can be dismissed

for lack of jurisdiction only if it is 'wholly insubstantial and frivolous' or 'patently without merit.'" *Rogers v. Brockette*, 588 F.2d 1057, 1062 n.9 (5th Cir. 1979) (citing *Bell*, 327 U.S. at 682); *Employers Ins. of Wausau v. Suwannee River Spa Lines, Inc.*, 866 F.2d 752, 759-60 (5th Cir. 1989) (citing *Bell*, 327 U.S. at 682).

Applying the above-described standard in this case, the court is unable to say that plaintiffs' complaint is wholly insubstantial and frivolous, or that it is patently without merit. Construing the allegations in plaintiffs' favor, the complaint suggests that plaintiffs timely filed adjustment-of-status applications and followed all instructions and required procedures. At the time they filed this suit, their I-485 applications had been pending for nearly three years. According to their well-pleaded complaint, defendants have violated their statutory and regulatory duties to adjudicate plaintiffs' I-485 applications within a reasonable time. Plaintiffs posit that there has been ample time for defendants to complete any background checks and issue a decision, and that the delay is unreasonable.[6] The court cannot therefore say that the complaint is wholly insubstantial and frivolous, or patently without merit. *See, e.g., Elmalky v. Upchurch*, 2007 WL 944330, at

---

[6]The court acknowledges that, according to the complaint, CIS has taken some action in the form of requiring plaintiffs to submit to fingerprint and biometric processing in order to continue processing their applications. These facts alone, however, are not necessarily inconsistent with plaintiffs' allegations of unreasonable delay.

*6 (N.D. Tex. Mar. 28, 2007) (Boyle, J.) (holding "near three-year delay" unreasonable); *Paunescu v. INS*, 76 F.Supp.2d 896, 902 (N.D. Ill. 1999) (same for two-year delay); *Yu v. Brown*, 36 F.Supp.2d 922, 935 (D.N.M. 1999) (same for two-and-one-half year delay).

The court is not persuaded that 8 U.S.C. § 1252(g) operates as a jurisdictional bar in this case. Section § 1252(g) is an exclusive jurisdiction provision that "protect[s] from judicial intervention the Attorney General's long-established discretion to decide whether and when to prosecute or adjudicate removal proceedings or to execute removal orders." *Alvidres-Reyes v. Reno*, 180 F.3d 199, 201 (5th Cir. 1999). In other words, § 1252(g) relates to removal orders. *See id.*; 8 U.S.C. § 1252(g) (entitled "Judicial review of orders of removal"). The instant case, however, concerns adjudication of adjustment-of-status applications. Consequently, § 1252(g) does not divest this court of subject matter jurisdiction. The court also declines to credit defendants' apparent contention that the court lacks subject matter jurisdiction because the decision when to adjudicate plaintiffs' I-485 applications is committed by law to CIS discretion. Defendants have not established that the decision when to adjudicate plaintiffs' I-485 applications is committed by law to CIS discretion. And even if they had, § 1252(g) would not divest the

court of subject matter jurisdiction.[7] While the court acknowledges that adjustment-of-status decisions are ulimately committed by law to agency discretion under 8 U.S.C. § 1255(a), it does not necessarily follow that CIS retains the discretion to delay unreasonably the adjudication of adjustment-of-status applications.

Defendants' objection is more properly directed to the merits of the case than to the court's exercise of subject matter jurisdiction.[8] That is, even if the court were to dismiss the case on the basis that the decision when to adjudicate adjustment-of-status applications is within the agency's sole discretion, the dismissal would be on the merits, not for lack of subject matter jurisdiction. *See, e.g., Kim v. Ashcroft*, 340 F.Supp.2d 384, 388-

---

[7]The APA does not apply "to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Consequently, if an agency action is deemed committed to agency discretion by law, judicial review of the action is not available under the APA.

[8]The Fifth Circuit's recent decision in *Walji v. Gonzales*, 489 F.3d 738 (5th Cir. 2007), does not affect the court's reasoning. *Walji* is distinguishable because it concerned specific statutory provisions relating to naturalization that are not at issue here. In *Walji* the Fifth Circuit affirmed the district court's dismissal for lack of subject matter jurisdiction of an action brought by a lawful permanent resident seeking adjudication of an N-400 application for naturalization under 8 U.S.C. § 1447(b). Section 1447(b) expressly confers subject matter jurisdiction upon a district court when certain conditions (not relevant here) are met. *See id.* ("Such court has *jurisdiction* over the matter . . . ." (emphasis added)). But as this court explains in this decision, subject matter jurisdiction in this case can be predicated, *inter alia*, on the general federal question statute, 28 U.S.C. § 1331, in conjunction with the APA. It is not grounded in § 1447(b).

90 (S.D.N.Y. 2004).[9]

III

Defendants argue that plaintiffs' complaint should be dismissed under Rule 12(b)(6) for failure to state a claim on which relief can be granted. In this portion of their brief, defendants simply posit—with little argument—that the alleged delays in this case are reasonable in view of the "heightened security concerns in the post-911 world." Ds. Br. 15 (quoting *Alkenani v. Barrows*, 356 F.Supp.2d 652, 657 (N.D. Tex. 2005) (Kaplan, J.); *Saleh v. Ridge*, 367 F.Supp.2d 508, 512 (S.D.N.Y. 2005); *Bartolini v. Ashcroft*, 226 F.Supp.2d 350, 355 (D. Conn. 2002)). Defendants conclude that, given these important considerations, there can be no dispute of material fact regarding the reasonableness of the delay in this case.

A

"'[T]he motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted.'" *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357, at 598 (1969)). "[D]ismissal of a claim on the basis of barebones pleadings is a 'precarious disposition with a high mortality rate.'" *Id.* (quoting

---

[9]*See supra* note 3 (noting that such dismissal is, however, "in effect jurisdictional").

*Barber v. Motor Vessel "Blue Cat,"* 372 F.2d 626, 627 (5th Cir. 1967)). "The court may dismiss a claim when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999) (per curiam) (Rule 12(c) decision) (citing *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir.1990)). "In analyzing the complaint, [the court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (citing *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996)). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Id.* (citing *Doe*, 81 F.3d at 1401). "Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citing *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996)).

B

Under the highly deferential standard of *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), and viewing the allegations of plaintiffs' complaint in the light most favorable to them for purposes of deciding the motion to dismiss, *see, e.g., Royal Bank of Canada v. FDIC*, 733 F. Supp. 1091, 1094 (N.D. Tex. 1990) (Fitzwater, J.), the court is unable to say that they can prove no set of facts,

consistent with the allegations in the complaint, that would entitle them to relief.

Plaintiffs allege that they filed their adjustment-of-status applications nearly three years ago and that their status has not yet been adjudicated. They aver that this delay violates their right to have their applications adjudicated within a reasonable time. Plaintiffs also assert that defendants have had ample time to complete necessary background checks and issue a decision. These allegations are at least minimally sufficient to suggest that defendants' delay in adjudicating plaintiffs' applications is unreasonable, and thus to state a claim under the APA for compulsion of agency action. Defendants have not established that a nearly three-year delay is necessarily "reasonable" as a matter of law in view of heightened security concerns. *See Elmalky,* 2007 WL 944330, at *6 ("near three-year delay") (*citing Paunescu,* 76 F.Supp.2d at 902 (two-year delay); *Yu,* 36 F.Supp.2d at 935 (two-and-one-half year delay)). Accordingly, the court denies defendants' Rule 12(b)(6) motion to dismiss for failure to state a claim.

IV

The court now turns to defendants' alternative motion for summary judgment.

A

In the caption of their motion, defendants purport to move in

the alternative for summary judgment.  The arguments contained in their brief, however, appear to be limited to dismissal for lack of subject matter jurisdiction, under Rule 12(b)(1), and to dismissal for failure to state a claim, under Rule 12(b)(6).  Nowhere in their brief do they refer to the relevant summary judgment standard.  In fact, the words "summary judgment" appear nowhere in their brief except as part of the caption of the motion.

That said, a motion styled as an alternative summary judgment motion generally provides sufficient notice of conversion and makes formal notice of conversion unnecessary.  *See, e.g., Maruho Co. v. Miles, Inc.*, 13 F.3d 6, 8 (1st Cir. 1993) (holding that plaintiff had adequate notice of risk of summary judgment because defendant entitled motion as motion to dismiss or alternative motion for summary judgment); *Porter v. Shearson Lehman Bros. Inc.*, 802 F. Supp. 41, 52-53 (S.D. Tex. 1992) ("[Plaintiff] was on notice . . . [because defendant] framed its motion as one to dismiss for failure to state a claim and for summary judgment.").

B

Because defendants will not have the burden of proof on plaintiffs' claim, they can meet their summary judgment obligation by pointing the court to the absence of evidence to support it.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).  Once they do so, plaintiffs must go beyond their pleadings and designate specific facts showing there is a genuine issue for trial.  *See id.*

at 324; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Summary judgment is mandatory if plaintiffs fail to meet this burden.

C

Defendants have discharged their initial burden by pointing to the absence of evidence that the alleged delay is unreasonable. *See* Ds. Br. 15 ("There can be no dispute of material fact regarding the reasonableness of the alleged delay."). Plaintiffs oppose summary judgment and argue that even if there is no dispute as to the facts, defendants are not entitled to summary judgment as a matter of law. They also posit that defendants have not submitted any evidence in support of their contentions to support a summary judgment motion.[10]

The APA provides that federal courts "shall . . . compel agency action unlawfully withheld or unreasonably delayed," 5 U.S.C. § 706(1), and it requires that an agency, including CIS, "proceed to conclude a matter" presented to it "within a reasonable

---

[10]As the court has already noted above, however, defendants are not required to adduce evidence in support of their motion for summary judgment. Because plaintiffs have the burden of proof on their claims, defendants need only point the court to the absence of evidence to support the claims.

time," *id.* § 555(b); *see Elmalky,* 2007 WL 944330, at *6 (holding that "[CIS] has a ministerial, nondiscretionary duty to adjudicate [an] I-485 application within a reasonable time."); *Alsharqawi v. Gonzales*, 2007 WL 1346667, at *4 (N.D. Tex. Mar. 14, 2007) (Godbey, J.) ("Defendants have a duty to adjudicate [plaintiff's] application for adjustment of status within a reasonable time."); *Valenzuela v. Kehl*, 2006 WL 2474088, at *6 (N.D. Tex. Aug. 28, 2006) (Stickney, J.) ("Many courts, including [this court] have held in immigration cases that petitioners and applicants have a clear right to have their adjustment applications . . . adjudicated within a reasonable time of their filing.") (citations omitted); *Yu,* 36 F.Supp.2d at 931-32 ("[T]he APA itself imposes on [defendants] the duty to complete action on Plaintiff's application within a reasonable time.") (citations omitted).

For purposes of § 555(b) of the APA, reasonableness is determined by looking to "the source of the delay—e.g. the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding." *Haidari v. Frazier,* 2006 WL 3544922, at *5 (D. Minn. Dec. 8, 2006) (citing *Reddy v. Commodity Futures Trading Comm'n*, 191 F.3d 109, 120 (2d Cir. 1999)). Ultimately, "what constitutes an unreasonable delay in the context of immigration applications depends to a great extent on the facts of the particular case." *Elmalky,* 2007 WL 944330, at *6 (internal quotation marks omitted) (quoting *Yu,* 36

F.Supp.2d at 935).

According to plaintiffs, they timely filed adjustment-of-status applications and followed all instructions and required procedures. At the time they filed this lawsuit, plaintiffs' applications had been pending nearly three years. "While there is no bright line rule as to when a delay on an application slips into the realm of unreasonableness, some courts have found delays unreasonable when as little as two years have passed from the date the application was filed." *Elmalky,* 2007 WL 944330, at *6 ("near three-year delay") (citing *Paunescu,* 76 F.Supp.2d at 902 (two-year delay); *Yu,* 36 F.Supp.2d at 935 (two-and-one-half year delay)). The court concludes that a 35-month delay, standing alone, is sufficient to enable plaintiffs to meet their burden of raising a genuine issue of material fact concerning the unreasonableness *vel non* of the delay.[11]

D

Defendants contend that the delay in processing plaintiffs' applications is due to mandatory government background checks, which are still pending. They cite 8 C.F.R. § 103.2(b)(7) and (18), arguing that, under these regulations, CIS has the discretion

---

[11]The fact that plaintiffs have failed to file a summary judgment evidentiary appendix does not undercut the court's conclusion in the circumstances presented here. At issue is the reasonableness of the delay as a matter of law; plaintiffs are not required to adduce extrinsic evidence to support their position where the dispute is principally legal rather than factual.

to conduct security checks and withhold adjudication, if necessary. Defendants also cite, *inter alia*, a recent decision of the Western District of Texas, in which the court denied mandamus relief where defendants presented an affidavit from the CIS District Director that established that CIS was conducting background checks under § 103.2(b)(7) and that CIS had withheld adjudication in accordance with § 103.2(b)(18). *See Mustafa v. Pasquerell,* 2006 WL 488399, at *4 (W.D. Tex. Jan. 10, 2006).

In two recent opinions addressing motions to dismiss, Judges Boyle and Godbey have distinguished *Mustafa* on the basis that the defendants had failed to assert and provide evidence of their compliance with § 103.2(b)(18). *See Elmalky,* 2007 WL 944330, at *4 ("Defendants merely cite those regulations without stating in their briefing that they have actually acted pursuant to and in accordance with them, much less have they provided evidence to that effect."); *Alsharqawi,* 2007 WL 1346667, at *4 ("Defendants do not claim to have delayed pursuant to certain regulations that permit withholding adjudication." (citing § 103.2(b)(18)). In both cases, the court denied motions to dismiss, but indicated that it would have ruled differently had the defendants offered sufficient evidence of their compliance with the applicable regulations.

Here, defendants have adduced by way of an attachment to their reply brief an affidavit from a CIS immigration officer, who avers that CIS has acted pursuant to § 103.2(b)(7) and in accordance with

§ 103.2(b)(18) in exercising its discretion to withhold adjudication of plaintiffs' applications. This court, however, has repeatedly refused to consider evidence submitted in a summary judgment reply appendix that was filed without first obtaining leave of court. *See, e.g., Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that party may not file summary judgment reply appendix without first obtaining leave of court). Because defendants failed to obtain leave of court, the court will not consider the affidavit in deciding their alternative summary judgment motion. Absent evidence that defendants acted in compliance with the applicable regulations, and in view of the fact that plaintiffs have raised a genuine issue of material fact with respect to the alleged unreasonableness of the delay, the court cannot now grant summary judgment in defendants' favor.

In so holding, the court emphasizes that it is neither improperly imposing on defendants an additional burden that they are not obligated to bear as the summary judgment movants, nor is it relieving plaintiffs of their burden as the nonmovants to adduce evidence that would permit a reasonable trier of fact to find in their favor. Rather, the court's analysis is informed by a series of decisions, discussed above, in which courts have found—absent evidence of compliance with § 103.2(b)(7) and (18)—unreasonable delays when as few as two years had elapsed since the date the

§ 103.2(b)(18) in exercising its discretion to withhold adjudication of plaintiffs' applications. This court, however, has repeatedly refused to consider evidence submitted in a summary judgment reply appendix that was filed without first obtaining leave of court. *See, e.g., Dethrow v. Parkland Health Hosp. Sys.*, 204 F.R.D. 102, 104 (N.D. Tex. 2001) (Fitzwater, J.) (holding that party may not file summary judgment reply appendix without first obtaining leave of court). Because defendants failed to obtain leave of court, the court will not consider the affidavit in deciding their alternative summary judgment motion. Absent evidence that defendants acted in compliance with the applicable regulations, and in view of the fact that plaintiffs have raised a genuine issue of material fact with respect to the alleged unreasonableness of the delay, the court cannot now grant summary judgment in defendants' favor.

In so holding, the court emphasizes that it is neither improperly imposing on defendants an additional burden that they are not obligated to bear as the summary judgment movants, nor is it relieving plaintiffs of their burden as the nonmovants to adduce evidence that would permit a reasonable trier of fact to find in their favor. Rather, the court's analysis is informed by a series of decisions, discussed above, in which courts have found—absent evidence of compliance with § 103.2(b)(7) and (18)—unreasonable delays when as few as two years had elapsed since the date the

application was filed. As noted, it is undisputed that at approximately 35 months had elapsed between the time plaintiffs filed their applications and the date they filed suit, and there is no evidence properly before the court that suggests that CIS has the discretion simply to withhold adjudication of plaintiffs' applications.[12] This is at least minimally sufficient to enable plaintiffs to avoid summary judgment at this time.

\* \* \*

For the reasons set forth above, defendants' October 12, 2006 motion to dismiss or, in the alternative, for summary judgment is denied.

**SO ORDERED.**

August 9, 2007.

_____
SIDNEY A. FITZWATER
UNITED STATES DISTRICT JUDGE

---

[12]The court also notes that defendants have not established that § 103.2(b)(7) and (18) necessarily affords them the unfettered discretion to withhold adjudication of plaintiffs' applications for an unreasonable period of time.